**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

JENIFER ZDUNCYK,

    Plaintiff,
v.

SPRINGBIG, INC.,
a Delaware corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, JENIFER ZDUNCYK, by and through her undersigned attorney, files this Complaint against SPRINGBIG, INC. ("Springbig"), and states as follows:

## **NATURE OF COMPLAINT**

1. This is an action to recover monetary damages and attorney's fees arising from unpaid overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA").

2. Plaintiff brings this action to recover overtime wages that were denied to her in violation of the FLSA in the three-year period prior to the filing of this Complaint.

## **THE PARTIES**

3. Defendant Springbig is a provider of marketing software known as Software as a Service (SaaS) to the cannabis industry.

4. At all material times, Springbig was engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§203(r) and 203(s).

5. Plaintiff is a former Senior Director of Client Success/Onboarding Development. However, the unlawful acts alleged herein occurred while Plaintiff worked for Defendant as a Client Success Manager from May 2019 through December 2020.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA actions).

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged herein occurred and/or were committed in Boca Raton in Palm Beach County, Florida, in the Southern District of Florida; and

   b. Springbig was and continues to be a corporation doing business within this judicial district.

## FACTS OF CASE

8. Plaintiff was employed by Defendant from May 6, 2019, until her termination on August 2, 2022.

9. Plaintiff worked primarily out of Defendant's offices in Boca Raton, Florida.

10. During the relevant time period, Springbig had an annual gross volume of sales made or business done of not less than $500,000.

11. During the period from May 2019 through April 2021, Springbig employed Plaintiff as a Client Success Manager. During this time Plaintiff was not exempt from the FLSA's overtime provisions. Plaintiff regularly worked 45-55 hours per week. Plaintiff was never paid time and one-half for hours worked in excess of 40 hours in any week.

12. At all times material hereto, Defendant had annual sales revenues in excess of $500,000, and had two or more employees handling, selling or working on marketing goods or materials that have moved in or were produced for commerce. Accordingly, Springbig was and is an "enterprise engaged in commerce" as defined by the FLSA.

13. Upon hire, Plaintiff was informed that she would work 40 hours per week (9:00 a.m. to 6:00 p.m., with an hour for lunch, five days per week). Plaintiff never was relieved of responsibilities so that she could take a lunch break. During 2019, Plaintiff's compensation (salary plus commissions and bonuses) was approximately $43,000 for the eight-month period. During 2020, Plaintiff's compensation was approximately $102,000.

14. Springbig knowingly and willfully failed to pay overtime wages to Plaintiff.

15. Plaintiff has retained the undersigned counsel to represent her in this litigation and has agreed to pay counsel a reasonable fee for such services.

## COUNT I
## VIOLATION OF FAIR LAOR STANDARDS ACT
## 29 U.S.C. § 207 (UNPAID OVERTIME)

16. Plaintiff repeats and realleges paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of forty (40) hours per week in accordance with the FLSA.

18. During Plaintiff's employment with Springbig, Plaintiff worked hours in excess of forty (40) hours per week but was never compensated at the statutory rate of time and one-half.

19. Defendant knowingly and willfully failed to pay Plaintiff any overtime wages as required by federal law.

20. Additionally, Springbig failed to properly apprise Plaintiff of her rights under the FLSA.

21. Due to the unlawful acts of Springbig, Plaintiff has suffered damages in the form of unpaid overtime wages.

22. As a result of Springbig's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

23. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of the overtime wages, liquidated damages, attorney's fees and costs, and for all proper relief including post-judgment interest.

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 1, 2022.

*s/ Mark J. Beutler*
Mark J. Beutler, Esq., Fla. Bar No. 0023400
E-mail: mjb@mjbpa.com and jmm@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9400 South Dadeland Boulevard, Suite 600
Miami, FL  33156
Tel: 305-487-0942 | Fax: 786-513-4651

*Attorney for Plaintiff*
